(May 31, 1898.)

# BOISE CITY v. FLANAGAN.

[53 Pac. 453.]

Ejectment—Public Domain—Townsite Occupant.—Abandonment. An occupant upon the public domain of the United States, which land is thereafter platted into blocks, streets and alleys, and entered as provided by an act of Congress, approved March 2, 1867, and known as the Townsite Act, may lose whatever right he acquired by prior occupancy and possession by abandonment, and such abandonment may be inferred from his acts and declarations, and from the declarations of such occupant's grantee.

(Syllabus by the court.)

APPEAL from District Court, Ada County.

A. A. Fraser, for Appellant.

This being an action in ejectment, the plaintiff must recover on the strength of its own title, and not on the weakness of that of the defendant. This proposition I take to be fundamental. The adjudication of the rights of the parties herein must depend upon the construction which will be placed by this court upon the act of Congress of March 2, 1867, known as the "Townsite Act," and particularly upon the construction to be given to the following section of said act. (U. S. Rev. Stats., sec. 2387.) Section 2391 of the Revised Statutes of the United States: "Any act of the trustees not made in conformity to the regulations alluded to in section 2387 shall be void." 1. Does the platting of a townsite upon government lands, which plat shows a certain piece of property as a street, highway or alley, defeat the rights of an actual occupant of said piece of property, who is an occupant thereof within the provisions of the townsite act? 2. Did the failure of the defendant, his predecessors or grantors, to comply with the provisions of the act of the legislature of the territory of Idaho above referred to, forfeit the rights of the defendant to the property in question? We claim not; and in support of this contention we cite the court to the following cases: *Bingham v. Walla*

Opinion of the Court—Sullivan, C. J.

*Walla,* 3 Wash. Ter. 68, 13 Pac. 408; *City of Helena v. Albertose,* 8 Mont. 499, 20 Pac. 817; *City of Pueblo v. Budd,* 19 Colo. 579, 36 Pac. 599; *Alemany v. City of Petaluma,* 38 Cal. 553. As this is an action in ejectment, the plaintiff has failed to prove any of the facts essential to a recovery in accordance with the rule laid down by this court in the case of *McMasters v. Torsen,* 5 Idaho, 536, 51 Pac. 100.

C. C. Cavanah, for Respondent.

The record conclusively shows that the defendant's predecessor in interest, James Stout, had neither possession nor occupied said premises between said dates and not having record title to the same, the premises were abandoned when its possession and occupancy were voluntarily forsaken and deserted by the party. (*Thompson v. Holbrook,* 1 Idaho, 609; *Young v. Tiner,* 4 Idaho, 269, 38 Pac. 697; *Eads v. Brazleton,* 22 Ark. 509, 79 Am. Dec. 88; *Springfellow v. Cain,* 99 U. S. 610; *Kirk v. King,* 3 Pa. St. 441; *Vickery v. Benson,* 26 Ga. 589; *Bequette v. Caulfield,* 4 Cal. 278, 60 Am. Dec. 615; *Gluckart v. Reed,* 22 Cal. 468; *Burk v. Hammond,* 76 Pa. St. 172; *Dickes v. Miller,* 24 Tex. 424; *Davis v. Butler,* 6 Cal. 510.) The record in this case establishes an admitted fact that James Dunn, the deceased, did on different occasions, by his acts and declarations, admit the title and right of possession of said premises to be in the plaintiff. (*Church v. Burghardt,* 8 Pick. 327.) Lapse of time and delay may warrant inference of abandonment. (*Keane v. Cannovan,* 21 Cal. 297, 82 Am. Dec. 738; *Gluckart v. Reed, supra.*)

SULLIVAN, C. J.—This is an action in ejectment brought by the city of Boise, a municipal corporation, against James Flanagan, as administrator of the estate of James Dunn, deceased, to recover possession of what is claimed to be a part of what is known as "Fort street," and connecting First and Second streets, in said city. The cause was tried upon an agreed stipulation of facts, and judgment went in favor of the city. This appeal is from the judgment.

The errors assigned go to the sufficiency of the evidence to justify the decision and that the decision is against law. The following appears from the agreed stipulation of facts: Boise City, in Ada county, was founded and established upon unsurveyed public land of the United States; and a map or plat of said ciay, exhibiting the streets, blocks, lots, and alleys, and size of same, was filed by Henry E. Prickett, then mayor of said city, in the county recorder's office, of Ada county, on the twenty-fifth day of November, 1867, under an act of Congress entitled "An act for the relief of the inhabitants of cities and towns upon the public domain, approved March 2, 1867." A patent was issued to the said mayor for the land included in and covered by said plat in trust for the several use and benefit of the occupants of said townsite according to their respective interests. The following facts appear from the record: That one James Stout, the predecessor and grantor of said James Dunn, deceased, settled upon and was an actual occupant of the premises in dispute, in connection with what is termed and designated on said plat as a "fractional block," prior to the passage of said act of Congress; and that on the tenth day of January, 1871, said Stout made application to the mayor of said city for a deed to said fractional block, in compliance with an act of the territorial legislature providing regulations for the execution of the trust created by said act of Congress. Said application did not include the premises in dispute, although it was a part of the tract claimed by said Stout, and contiguous to said fractional block. A deed was executed to said Stout for said fractional block, and he thereafter conveyed the same to James Dunn, and by which deed he undertook to convey the premises in dispute to said Dunn. It is admitted that the premises in dispute were first inclosed in 1878, and that the city since that date had repeatedly asserted its right to the possession and control of said premises, and had repeatedly notified said Dunn to remove the fences and improvements therefrom, and that he had promised to do so, and that said Dunn has not applied for a deed to said premises, and has never paid any taxes thereon.

It will be observed, from the foregoing facts, that at the date of filing the town plat of Boise City the land conveyed by,

and included in, said plat was a part of the public domain of the United States, and the title thereto in the United States, and that one James Stout was in the occupation and possession of the tract in controversy, in connection with a small tract adjoining the same, both of which he held as one tract; that, after platting or dividing said townsite into blocks, streets and alleys, a part of the tract so claimed by Stout lay in the street, and a part was platted as a fractional block; that thereafter, to wit, on the second day of May, 1870, the United States conveyed, by patent, the land included in said Boise City townsite as platted as aforesaid to Henry E. Prickett, then mayor of said city, in trust for the several use and benefit of the occupants of said townsite; and thereafter the legislature of the territory of Idaho passed an act which provided for the disposal of said lands as authorized by said act of Congress. Shortly after the passage of said act by the legislature of the territory of Idaho, said Stout made application thereunder to the mayor of said city for a deed to said fractional block, in which application he did not include the premises in controversy, which had at that time been platted as a street. A deed was issued to him by the mayor for said fractional block. He thereafter, in May, 1871, sold and conveyed said fractional block to the said James Dunn, in which conveyance is also described the land in controversy. Said land in controversy had not been inclosed up to that date, and was not inclosed by said Dunn until in June, 1878; from which time, down to the commencement of this suit, the city repeatedly asserted its control, and right to control, over said tract as a part of one of the streets of said city, and repeatedly notified said Dunn to remove all fences and improvements from said premises, which said Dunn promised to do.

It is contended by counsel for appellant that, at the time said plat was filed, the title to said land was in the United States, and for that reason no dedication of said street was made, as a dedication, to be valid, must be made by the holder of the legal title. Said act of Congress, under which said city was acting, authorized the platting of said land into blocks, streets and alleys, and the dedication of such streets.

to the use of the public. That contention is without any force, as the owner of the fee authorized the dedication, as set forth in said act of Congress.

Stout, by his acts, to wit, after the premises claimed by him had been platted, a part of it into a fractional block, and the remainder into a street, showed his intention to conform his claim to said plat by making application for a deed to said fractional block, and making no application whatever for that part included in the street. A deed was executed to him for the land included in his said application, and no application has been made by him or his grantee for a deed to the land in controversy. It remained open, without improvements, until June, 1878, when the said James Dunn placed a fence around it, and made other improvements thereon. Thus, for about eleven years the land lay without any improvements; and said decedent or his grantor never listed said land for assessment and taxation, and no taxes have been levied against it; and said Dunn was notified at divers times to remove said improvements from said premises by the city authorities, and he promised to do so. Thus, by the acts of said James Stout, grantor of James Dunn, now deceased, and by the acts and declarations of said James Dunn, they admitted title and right of possession of said premises in the respondent city. The conclusion is irresistible that, if said Stout ever had a right to said premises as a townsite occupant, he abandoned it. (See *Young v. Tiner,* 4 Idaho, 269, 38 Pac. 697; *Thompson v. Holbrook,* 1 Idaho, 610.) And said Dunn recognized the authority of the city over said premises by promising to remove therefrom certain fences and other improvements that he had placed thereon. The judgment of the court below is affirmed. Costs awarded to the respondent.

Huston and Quarles, JJ., concur.